# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4509 | **DATE** | 12/13/2010 |
| **CASE TITLE** | Alvarez et al vs. Downtown Food Enterprises, Inc. Et al | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Zaimi's Motion for Summary Judgment is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiffs Daniel Sanchez Alvarez ("Alvarez") and Johnny Sanmartin ("Sanmartin") (collectively, "Plaintiffs"), individually and on behalf of others similarly situated filed suit on July 20, 2010 against Downtown Food Enterprises, Inc. ("Downtown Food"), Vasilios Dimitrakopoulos ("Dimitrakopoulos"), and Migena Zaimi ("Zaimi") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and Illinois state law for failure to pay overtime and minimum wage. Dimitrakopoulos and Zaimi moved to dismiss on September 16, 2010, including an affidavit that rendered their motion a Motion for Summary Judgment. Fed. R. Civ. P. 12(d). On October 12, 2010 the parties stipulated to the dismissal of Dimitrakopoulos, leaving Zaimi as the sole moving party. For the following reasons, Zaimi's Motion for Summary Judgment is granted.

Downtown Food is an Illinois corporation operating as a restaurant in Chicago. (P 56.1 Resp. ¶ 2.) Zaimi is the secretary and a minority shareholder of Downtown Food. (P 56.1 Resp. ¶ 3.) Zaimi began working at Downtown Food in January 2008. (P 56.1 Resp. ¶ 11.) On January 4, 2008 she purchased 20% of Downtown Food's shares for $30,000. (P 56.1 Resp. ¶ 12.) Dimitrakopoulos, the president of Downtown Food, retained 80% ownership. (P 56.1 Resp. ¶ 2.) Zaimi resold her shares of Downtown Food to Dimitrakopoulos on January 28, 2008, pursuant to a thirty-six month payment plan. (P 56.1 Resp. ¶ 13.) According to the Stock Purchase and Sale Agreement, both Zaimi and Dimitrakopoulos were "active in the day to day business operations" of Downtown Food. (P 56.1 Resp. ¶ 16.) Dimitrakopoulos defaulted on the payment plan after three months and as a result Zaimi reclaimed her shares. (P 56.1 Resp. ¶ 14.)

Zaimi worked part-time on the evening shift at Downtown Food from January 2008 until April 2008. (P 56.1 Resp. ¶¶ 15, 17.) Though a minority shareholder and director of Downtown Food during this time, she did not have the authority to hire or fire employees, "cut checks," order supplies, pay vendors, or keep company records. (P 56.1 Resp. ¶ 15.) Zaimi did not work at Downtown Food from April 2008 until January 2009, though she remained a minority shareholder and director. (P 56.1 Resp. ¶ 16.)

| STATEMENT |
|---|

Zaimi returned to work at Downtown Food in January 2009, on the evening shift, where she remains today. (P 56.1 Resp. ¶ 18.) Since January 2009, she has had the ability to hire and fire employees, though she has never exercised this authority. (P 56.1 Resp. ¶ 18.) She is responsible for managing and giving day-to-day orders to the two other employees working the evening shift but she does not set their work schedules, rate of pay, or "cut checks." (P 56.1 Resp. ¶¶ 20-22.)

Alvarez worked at Downtown Food from June 2008 until January 2009 and Sanmartin worked there from approximately March 2008 to June 2008. (P 56.1 Resp. ¶ 4.)[1]

Summary judgment is proper if "the pleadings . . . and admissions on file, together with affidavits . . . show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). While all of the evidence is viewed in the light most favorable to the nonmovant, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employee in relation to an employee." 29 U.S.C. § 203. Employers have "supervisory authority" over the complaining employee and are responsible, in whole or in part, for the labor violation. *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987). To determine whether an individual is an employer, courts consider the "economic reality" of the workplace, including whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *See Herman v. RSR Security Services, Ltd.*, 172 F.3d 132, 139 (2d. Cir. 1999) (internal citations omitted). No single factor is dispositive, nor are the mere facts of stock ownership or officer status in an entity that employed the complaining employee. *Id*. "[U]nexercised authority is insufficient to establish liability as an employer." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (11th Cir. 2008).

Plaintiffs bring suit on behalf of other similarly situated employees. However, given the timing of Zaimi's Motion, the Court has not yet assessed whether Plaintiffs have made the "modest factual showing" required to allow other similarly situated employees to "opt in" under the FLSA. *See Gambo v. Lucent Tech., Inc.*, 2005 WL 3542485 at *4 (Dec. 22, 2005) (Filip, J.). Therefore, the Court need only determine whether Zaimi was an employer with regards to Sanmartin and Alvarez.

Sanmartin worked at Downtown Food from March 2008 until June 2008. During the first two months of Sanmartin's employment, Zaimi was a part-time employee of Downtown Food with no ability to hire or fire employees, cut checks, or keep records. Zaimi did not work at Downtown Food during the last two months of Sanmartin's employment. While Zaimi did maintain minority ownership of Downtown Food during Sanmartin's employment, mere stock ownership is insufficient to hold an employee or officer individually liable. *See Herman*, 172 F.3d at 141. There is no evidence that Zaimi oversaw the day-to-day operations of Downtown Food or exerted any control over Sanmartin during his employment there. Therefore, Zaimi was not Sanmartin's employer.

Alvarez worked at Downtown Food from June 2008 until January 2009. As discussed above, Zaimi was not an "employer" while away from Downtown Food because her mere stock ownership and officer status, without more factual evidence of her involvement in the daily operations of Downtown Food, are insufficient to hold her individually liable. *See Id*. Zaimi returned to Downtown Food in January 2009, the same month Alvarez was terminated. From January 2009 until the present, Zaimi managed two employees on the evening shift, gave

|  |
|---|
| **STATEMENT** |
| day-to-day orders, and had the ability to hire and fire employees. Zaimi, however, did not set work schedules or cut paychecks for the two employees she supervised–the two acts that form the basis of Plaintiffs' FLSA claims that they were denied minimum wage and overtime. Moreover, while Zaimi had the ability to hire and fire employees beginning in January 2009, she never exercised this authority. *See Alvarez Perez*, 515 F.3d at 1161. Plaintiffs have failed to provide any factual evidence that Zaimi exerted control over Alvarez or was responsible for the alleged labor violations. Therefore, Zaimi was not Alvarez's employer.<br><br>    For the reasons stated, Zaimi's Motion for Summary Judgment is granted. |

1. The dates of Sanmartin's employment are subject to a non-material dispute. *See* Dimitrakopoulos Affidavit.